**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| CARMELO P. P., | ) | No. CV 20-5058-PLA |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.**

**PROCEEDINGS**

Carmelo P. P.[1] ("plaintiff") filed this action on June 8, 2020, seeking review of the Commissioner's denial of his applications for a period of disability and Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") payments. The parties filed Consents to proceed before a Magistrate Judge on July 1, 2020, and July 9, 2020. Pursuant to the Court's Order, the parties filed a Joint Submission (alternatively "JS") on due March 16, 2021, that

---

[1]    In the interest of protecting plaintiff's privacy, this Memorandum Opinion and Order uses plaintiff's (1) first name and middle and last initials, and (2) year of birth in lieu of a complete birth date. See Fed. R. Civ. P. 5.2(c)(2)(B), Local Rule 5.2-1.

addresses their positions concerning the disputed issue in the case.  The Court has taken the Joint Submission under submission without oral argument.

## II.

## BACKGROUND

Plaintiff was born in 1971.  [Administrative Record ("AR") at 25, 176, 183.]  He has past relevant work experience as a loader and unloader.  [Id. at 24-25, 43.]

On July 12, 2016, plaintiff protectively filed applications for a period of disability and DIB, and for SSI payments, alleging in both that he has been unable to work since March 19, 2010. [Id. at 15; see also id. at 176-82, 183-89.]  After his applications were denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ").  [Id. at 118-20.]  A hearing was held on February 26, 2019, at which time plaintiff appeared represented by an attorney, and testified on his own behalf.  [Id. at 32-50.]  A vocational expert ("VE") also testified.  [Id. at 43-48.]  On April 1, 2019, the ALJ issued a decision concluding that plaintiff was not under a disability from March 19, 2010, the alleged onset date, through April 1, 2019, the date of the decision.  [Id. at 15-27.]  Plaintiff requested review of the ALJ's decision by the Appeals Council.  [Id. at 173-75.]  When the Appeals Council denied plaintiff's request for review on April 9, 2020 [id. at 1-5], the ALJ's decision became the final decision of the Commissioner.  See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted).  This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means -- and means

1   only -- 'such relevant evidence as a reasonable mind might accept as adequate to support a

2   conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations

3   omitted); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017). "Where evidence is susceptible

4   to more than one rational interpretation, the ALJ's decision should be upheld." Revels, 874 F.3d

5   at 654 (internal quotation marks and citation omitted). However, the Court "must consider the

6   entire record as a whole, weighing both the evidence that supports and the evidence that detracts

7   from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum

8   of supporting evidence." Id. (quoting Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014)

9   (internal quotation marks omitted)). The Court will "review only the reasons provided by the ALJ

10  in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."

11  Id. (internal quotation marks and citation omitted); see also SEC v. Chenery Corp., 318 U.S. 80,

12  87, 63 S. Ct. 454, 87 L. Ed. 626 (1943) ("The grounds upon which an administrative order must

13  be judged are those upon which the record discloses that its action was based.").

14

15                                          **IV.**

16                          **THE EVALUATION OF DISABILITY**

17          Persons are "disabled" for purposes of receiving Social Security benefits if they are unable

18  to engage in any substantial gainful activity owing to a physical or mental impairment that is

19  expected to result in death or which has lasted or is expected to last for a continuous period of at

20  least twelve months. Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 930 (9th Cir. 2014) (quoting

21  42 U.S.C. § 423(d)(1)(A)).

22

23  **A.      THE FIVE-STEP EVALUATION PROCESS**

24          The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing

25  whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lounsburry v. Barnhart, 468

26  F.3d 1111, 1114 (9th Cir. 2006) (citing Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

27  In the first step, the Commissioner must determine whether the claimant is currently engaged in

28  substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Lounsburry,

3

468 F.3d at 1114.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id.  If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. § 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id.  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied.  Id.  The claimant has the burden of proving that he is unable to perform past relevant work.  Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).  If the claimant meets this burden, a prima facie case of disability is established.  Id.  The Commissioner then bears the burden of establishing that the claimant is not disabled because there is other work existing in "significant numbers" in the national or regional economy the claimant can do, either (1) by the testimony of a VE, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. part 404, subpart P, appendix 2.  Lounsbury, 468 F.3d at 1114.  The determination of this issue comprises the fifth and final step in the sequential analysis.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 721, 828 n.5 (9th Cir. 1995); Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 19, 2010, the alleged onset date.[2]  [AR at 17.]  At step two, the ALJ concluded that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, status post left L5-

---

[2]    The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through March 31, 2012.  [AR at 17.]

4

S1 microdecompression with lumbago and left leg radiculitis; left knee internal derangement; diabetes mellitus; and obesity.  [Id. at 18.]  At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listing.  [Id.]  The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[4] as follows:

> [He can] lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; can stand and walk for about 4 hours out of an 8 hour day; sit for about 6 hours out of an 8 hour day; a cane is needed for ambulation; occasional left lower extremity pushing and pulling; occasional postural activities; no crawling, no ladders, ropes or scaffolds; avoid concentrated exposure to hazards.

[Id. at 19.]  At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is unable to perform his past relevant work as a loader and unloader.  [Id. at 24-25, 43-44.]  At step five, based on plaintiff's RFC, vocational factors, and the VE's testimony, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform, including work as a "bonder, electronics" (Dictionary of Occupational Titles ("DOT") No. 726.685-066), as a "touch-up screener" (DOT No. 726.684-110), and as a "table worker" (DOT No. 739.687-182).  [AR at 26, 45.]  Accordingly, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of March 19, 2010, through April 1, 2019, the date of the

---

[3]    RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

[4]    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).  A full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday.  Soc. Sec. Ruling 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).

1  decision.  [Id. at 27.]

2

3                                    **V.**

4                          **THE ALJ'S DECISION**

5          Plaintiff contends that the ALJ erred because the ALJ's RFC determination does not have

6  the support of substantial evidence.  [JS at 4.]  As set forth below, the Court respectfully disagrees

7  with plaintiff and affirms the decision of the ALJ.

8

9  **A.      LEGAL STANDARD**

10          An RFC is "an assessment of an individual's ability to do sustained work-related physical

11  and mental activities in a work setting on a regular and continuing basis."  Soc. Sec. Ruling

12  ("SSR")[5] 96-9p, 1996 WL 374184, at *1 (1996).  It reflects the most a claimant can do despite his

13  limitations.  See Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996).  An RFC must include an

14  individual's functional limitations or restrictions as a result of all of his impairments -- even those

15  that are not severe (see 20 C.F.R. § 404.1545(a)(1)-(2), (e)) -- and must assess his "work-related

16  abilities on a function-by-function basis."  SSR 96-9p, 1996 WL 374184, at *1; see also Valentine

17  v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into

18  account a claimant's limitations is defective").  An ALJ errs when he provides an incomplete RFC

19  ignoring "significant and probative evidence."  Hill v. Astrue, 698 F.3d 1153, 1161-62 (9th Cir.

20  2012) (further noting that the error is not harmless when an ALJ fails to discuss significant and

21  probative evidence favorable to a claimant's position because when the RFC is incomplete, the

22  hypothetical question presented to the VE is incomplete and, therefore, the ALJ's reliance on the

23  VE's answers is improper).  An RFC assessment is ultimately an administrative finding reserved

24  to the Commissioner.  20 C.F.R. § 404.1527(d)(2).  However, an RFC determination must be

25

26          [5]      "SSRs do not have the force of law.  However, because they represent the Commissioner's
27  interpretation of the agency's regulations, we give them some deference.  We will not defer to SSRs
    if they are inconsistent with the statute or regulations."  Holohan v. Massanari, 246 F.3d 1195, 1202
28  n.1 (9th Cir. 2001) (citations omitted).

1   based on all of the relevant evidence, including the diagnoses, treatment, observations, and

2   opinions of medical sources, such as treating and examining physicians. Id. § 404.1545.  A district

3   court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard

4   and substantial evidence in the record as a whole supports the decision.  See Bayliss v. Barnhart,

5   427 F.3d 1211, 1217 (9th Cir. 2005); Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

6

7   **B.   THE PARTIES' CONTENTIONS**

8         Plaintiff notes that the ALJ "provided 'more weight' to the [August 27, 2018,] opinion of

9   state-agency physical evaluator H. Blumenfeld, M.D.," who "found and opined . . . that [plaintiff]

10  should be limited to at least two hours of standing and walking in an eight-hour workday."  [JS at

11  5 (quoting AR at 24, 444).]  Plaintiff suggests, however, that the ALJ "disagreed with this [opinion]

12  and instead found that the 'record did not support a finding for greater limitations than 4 hours out

13  of an 8 [hour] day,'" and that  "there was no imaging of the knee to reflect greater findings."  [Id.

14  at 5, 6 (citing AR at 24).]  He argues that the "ALJ's departure from the opinion of Dr. Blumenfeld

15  to a less restrictive standing restriction was unjustified and was not properly explained in the

16  decision."  [Id. at 5.]

17        Plaintiff contends that the evidence *does* support Dr. Blumenfeld's "more restrictive" RFC,

18  which plaintiff describes as limiting plaintiff to two hours of standing and walking in an eight-hour

19  workday.   [Id. at 6-7.]   For instance, plaintiff notes that he underwent a lumbar

20  microdecompression on February 19, 2013, but the pain returned by June 2013 and warranted

21  the use of a cane for support [id. at 6 (citing AR at 303)]; even after that surgery, plaintiff's legs

22  often gave out, he experienced numbness of the left plantar foot, decreased sensation in the

23  lateral border of the foot and calf, and a serious escalation in his pain level [id. (citing AR at 289,

24  296, 299)]; a February 11, 2016, MRI of plaintiff's lumbar spine reflected "foraminal stenosis, a 1.5

25  mm disc protrusion/annular tear at L4-5, and a 2 mm left paracentral disc protrusion at L5-S1" [id.

26  (citing AR at 341-42)]; and plaintiff was also "noted to have a left knee derangement" [id. at 6-7

27  (citing AR at 455)].

28        Plaintiff concludes therefore, that there is a "significant amount of medical evidence" that

supports the "more restrictive standing/walking limitation originally assessed by Dr. Blumenfeld and then departed from by the ALJ." [Id. at 7.]  He suggests that the ALJ improperly substituted his own interpretation of the medical evidence for the opinion of the medical professionals, specifically Dr. Blumenfeld.  [Id.].

Defendant responds that no doctor -- including Dr. Blumenfeld – limited plaintiff to standing and walking for *only* two hours a day.  [Id.]  He points out that Dr. Blumenfeld concluded that plaintiff "could stand and walk for *at least* two hours a day, which [Dr. Blumenfeld] specified meant Plaintiff could stand and walk four hours a day." [Id. at 7 (emphasis in original) (citing AR at 444).] Defendant further asserts that "there was no error in the ALJ's evaluation of Dr. Blumenfeld's opinion because [the ALJ] fully adopted this opinion and incorporated the assessed limitations into the RFC finding." [Id. at 8.]  Defendant also notes that the ALJ relied on the opinions of three doctors (including Dr. Blumenfeld), all of whom found plaintiff capable of standing and walking between four to six hours a day, and none of whom assessed greater limitations.  [Id. at 10.]  For instance, on August 26, 2016, consulting examiner S. Benrazavi, M.D., assessed plaintiff as capable of performing a range of light work, but found that he could stand and walk six hours per eight-hour workday.  [AR at 350.]  Dr. Blumenfeld, however, stated that Dr. Benrazavi's opinion was not supported as Dr. Benrazavi failed to properly consider plaintiff's limping gait and obesity, which Dr. Benrazavi had noted on examination.  [Id. at 441.]  After reviewing these and other opinions in the record, defendant concludes that the ALJ's RFC is fully consistent with the medical opinion of Dr. Blumenfeld and the record evidence.  [JS at 7-11 (citations omitted).]

Defendant also argues that even if the ALJ erred by not limiting plaintiff to two hours of standing and walking, any error would be harmless because the VE testified that someone with plaintiff's limitations and vocational characteristics could perform sedentary jobs existing in significant numbers in the national economy.  [Id. at 8, 11.]  He notes that the jobs identified by the VE at step five, and adopted by the ALJ, are all sedentary occupations, which do not entail more than two hours of standing and walking.  [Id. at 11 (citing AR at 25-26, 45-47).]  Defendant further asserts that because plaintiff did not contest the step five finding, he therefore conceded that finding.  [Id. at 11 (citation omitted).]

**C.     ANALYSIS**

In his assessment, Dr. Blumenfeld completed a form that asked him to assess how long plaintiff could stand and/or walk, with normal breaks.  [AR at 444.]  He was given three choices:

(a) "less than 2 hours in an 8-hour workday";

(b) "at least 2 hours in an 8-hour workday"; or

(c) "about 6 hours in an 8-hour workday."

[Id.]  Dr. Blumenfeld chose the option indicating that plaintiff was able to stand and/or work for "at least 2 hours in an 8-hour workday."  [Id.]  When asked to explain how and why the evidence supports his conclusions in this item (as well as in several others), and to cite the specific facts upon which his conclusions were based, Dr. Blumenfeld indicated "[s]tand/walk 4 hours/day."  [Id.] Therefore, it is reasonable to find that Dr. Blumenfeld believed that plaintiff could stand and/or walk up to four hours a day, an opinion that fell somewhere between the specific stand/walk choices he was given of "at least" two hours (which he found to be less than plaintiff's assessed capabilities), and "about 6 hours" (which would have been beyond plaintiff's capabilities as assessed by Dr. Blumenfeld).

As noted by defendant, the other medical opinions relied on by the ALJ were either similar to Dr. Blumenfeld's opinion or even *less* restrictive with respect to standing/walking, i.e., plaintiff could stand/walk up to six hours in an eight-hour workday.  Dr. Blumenfeld himself explained that at least one of those less restrictive opinions was not fully supported because the examiner, Dr. Benrazavi, failed to properly consider plaintiff's limping gait and obesity that had been noted by that physician on examination.  [Id.]  In any event, plaintiff points to no opinion suggesting any greater standing/walking limitation, and there is no opinion that found that plaintiff was limited to less than a range of light work.  Thus, the Court finds that the ALJ's RFC assessment was fully consistent with Dr. Blumenfeld's opinion and the evidence of record, and there was no error.

Moreover, even if there was error -- which the Court does not find -- the ALJ determined, based on the testimony of the VE, that plaintiff could perform the alternative work of an electronics bonder, a touch-up screener, and a table worker, all of which are sedentary occupations.  [Id. at 26, 45.]  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting

or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567(a), 416.967(a). In this case, after testifying that a person with plaintiff's vocational characteristics and RFC could perform the occupations of electronics bonder, touch-up screener, and table worker, the VE further testified that an individual who was capable of only "full sedentary" work, and limited to lifting less than ten pounds, and standing/walking for only two hours, would still be capable of performing those occupations. [AR at 44-45.] Thus, any error was harmless. See, e.g., Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

Based on the foregoing, the Court finds that remand is not warranted on this issue.

## VI.

## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **denied**; and (2) the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis**.

DATED:  March 17, 2021

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE